# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ASTRUM, INC., § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL NO. 2:08 CV 201 |
| v. § | |
| § | |
| NOVELL, INC., § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Novell, Inc.'s Motion to Dismiss or, in the Alternative, To Transfer for Improper Venue pursuant to 28 U.S.C. § 1406(a). After reviewing the parties' briefs and applicable case law, the Court **DENIES** the Motion for the reasons set forth below.

## I. Introduction

Plaintiff Astrum, Inc. filed this suit against Novell alleging claims for breach of contract, breach of confidence, trade secret misappropriation, common law misappropriation, misappropriation of ideas, and promissory estoppel. Astrum alleges Novell breached a Non-Disclosure Agreement between the parties regarding a new product concept developed by Astum. The product was one to enhance the security of computer systems that store and process sensitive financial data, such as customer credit card information. Astrum alleges the parties entered into the NDA on or about October 25, 2006. The NDA has a clause that reads:

> This Agreement shall be governed and construed in accordance with the laws of Utah (without regard to conflicts of laws provisions). In any legal proceedings arising out of the Agreement, the prevailing party shall be entitled to an award of its costs and reasonable attorneys' fees. The parties agree that Utah state and federal courts shall have jurisdiction and venue in any such proceeding.

Novell contends this "forum selection clause" is mandatory, therefore, the case was improperly brought in the Eastern District of Texas. Novell argues that the clause requires all legal proceedings regarding the Agreement to be brought in Utah state or federal courts. Astrum argues the clause is a "consent to jurisdiction clause," merely specifying a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction in a venue.

The Fifth Circuit has made clear that a forum selection clause will not be enforced unless it is mandatory. *Caldas & Sons v. Willingham,* 17 F.3d 123, 127 (5th Cir. 1994) (discussing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75 (9th Cir. 1987)). Novell argues the word "shall" in the clause makes it mandatory, therefore, it should be enforced. Merely including the word "shall" in a forum selection clause, however, does not necessarily make it mandatory or exclusive. *Id.* For a forum selection clause to be mandatory, the clause must go further than just stating proceedings "shall" be in a jurisdiction. *Costas v. Deposit Guar. Nat'l Bank*, 138 Fed. Appx. 605, 607 (5th Cir. 2005). The clause must contain words that make it clear that the parties intended for all other jurisdictions to be excluded. *Id.*

## II. Analysis

Here, the clause is not sufficient to make it mandatory. It does state that Utah courts *shall* have jurisdiction, but goes no further. The Agreement does not contain any language that makes clear the parties intended that all other jurisdictions are excluded. *See id.* The clause in this case is permissive, making venue and jurisdiction in the Eastern District of Texas proper.

## III. Conclusion

Based on the foregoing, the Defendant's Motion is DENIED.

SIGNED this 24th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE